IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA      :          CRIMINAL ACTION
                               :
          v.                :
                               :
JOSE F. GREGORIO            :          NO. 12-297

MEMORANDUM

Bartle, J.                                 March 8, 2016

Before the court is the pro se petition of Jose F. Gregorio ("Gregorio") to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Gregorio has also filed a motion requesting an evidentiary hearing concerning his § 2255 motion.

In August 2012, Gregorio pleaded guilty to illegally reentering the United States after deportation in violation of 8 U.S.C. § 1326(a), (b)(2). In November 2012, he was sentenced to fifty-seven months of imprisonment, three years of supervised release, and a $100 special assessment. Gregorio filed a notice of appeal in December 2012. His appeal was dismissed on May 28, 2013, pursuant to his motion for voluntary dismissal.

He now claims that his sentence should be reduced because he was denied the effective assistance of counsel in violation of the Sixth Amendment of the U.S. Constitution. He alleges that counsel was ineffective in declining to pursue a

downward departure under the Department of Justice "fast track" program and failing to object to the imposition of a sixteen-level enhancement and a term of supervised release.

I.

The following facts and procedural history are undisputed or taken in the light most favorable to Gregorio. Gregorio is a native and citizen of the Dominican Republic.  He was convicted in Pennsylvania in September 1997 of possession with intent to distribute a controlled substance.  He was sentenced to at least thirteen months of imprisonment.  In July 2002, after serving his sentence, Gregorio was deported to the Dominican Republic.

Gregorio thereafter reentered the United States without authorization.  In January 2007, Gregorio was charged by indictment with reentry after deportation in violation of 8 U.S.C. § 1326(a), (b)(2).  He pleaded guilty to this offense. Although the U.S. Sentencing Guidelines recommended a sentence between forty-six and fifty-seven months, Judge Thomas A. Golden sentenced Gregorio to a twenty-seven month term of imprisonment in June 2007.  In December 2008, Gregorio was again deported to the Dominican Republic.

Gregorio then illegally reentered the United States for a third time.  He was subsequently convicted in Lehigh County, Pennsylvania of driving while intoxicated.  While he was

incarcerated for this offense, a U.S. Immigration and Customs Enforcement official interviewed Gregorio in March 2012.

On June 14, 2012, Gregorio was indicted for illegal reentry after deportation in violation of 8 U.S.C. § 1326(a), (b)(2). Catherine C. Henry of the Federal Community Defender Office was appointed as defense counsel. According to Gregorio, defense counsel informed him that he was eligible for a reduction in his sentence under the fast track program and that she "would look into" obtaining this relief. When they next met, defense counsel said she would pursue fast track relief on his behalf at the sentencing hearing.

On August 28, 2012, the court held a change of plea hearing and, with the assistance of a sworn interpreter, conducted a plea colloquy with Gregorio. During the plea colloquy, Gregorio acknowledged that he was "knowingly and voluntarily giving up certain rights to which [he] would be entitled if [he] went to trial." He then admitted that he entered the United States illegally after being convicted of a felony and deported. When asked if he understood that he had a constitutional right to be tried by a jury if he pleaded not guilty, Gregorio responded: "[y]es, but I am guilty of this." Gregorio admitted to the government's recitation of the facts underlying his illegal reentry into the United States and criminal history as set forth by the government.

-3-

The court advised Gregorio that he faced a maximum sentence of twenty years imprisonment, three years of supervised release, a $250,000 fine, a $100 special assessment, and deportation.  Gregorio stated that he understood "that the Court could in appropriate circumstances impose a sentence which is more severe or less severe than the sentence which the advisory Sentencing Guidelines recommend."  He also acknowledged that a term of supervised release would be imposed if the court sentenced him to time in prison.  He conveyed that he was pleading guilty of his own free will and that no promises or agreement had been made aside from those disclosed on the record.  He then pleaded guilty.  In doing so, he informed the court that he was pleading guilty because he was in fact guilty as charged.  Gregorio pleaded guilty without signing any plea agreement.

On November 28, 2012, the court held a sentencing hearing.  At the hearing, the government explained that Gregorio's offense level was twenty-one.  This took into account the base offense level of eight and a sixteen-level upward adjustment because Gregorio had previously been convicted of a drug trafficking offense and was sentenced to more than thirteen months of imprisonment for that offense.  See U.S. Sentencing Guidelines Manual § 2L1.2(a).  It also accounted for a three point downward adjustment for acceptance of responsibility.  The

Guidelines provided for a sentencing range of fifty-seven to

seventy-one months.

Defense counsel argued that the Guidelines range

applicable to Gregorio:

> is driven largely by the 16-level
> enhancement for his prior conviction,
> narcotics conviction, which happened nearly
> 20 years ago – 16 years ago.  Since that
> time I understand that he has been
> previously deported, and he came back,
> because, frankly, he has – his family's
> here, his three daughters and his
> grandchildren.

She explained that Gregorio's family is very important to him

and described his plans to permanently return to the Dominican

Republic after serving any sentence imposed by the court.  She

argued that while the government is "advocating for a guidelines

sentence" that would "certainly be a significant amount of time

until he would be ultimately deported."

The court determined that Gregorio's offense level was

twenty-one, taking into account his base offense level at eight

and the sixteen-level adjustment.  It applied a three point

downward departure because Gregorio had accepted responsibility.

He had eight criminal history points,[1] placing him in Criminal

History Category IV.  The court sentenced Gregorio to fifty-

---

1.  While Gregorio's motions state that he had seven criminal
history points, the court found at sentencing that Gregorio had
eight points.  Gregorio is in Criminal History Category IV
either way.

seven months of imprisonment, three years of supervised release, and a $100 special assessment.

Gregorio filed a notice of appeal of his sentence in December 2012.  On April 15, 2013, while the appeal was still pending, Gregorio filed a pro se motion to vacate, set aside, or correct his sentence under § 2255.  On April 25, 2013, the court dismissed this motion without prejudice as premature in light of the pending appeal.  Our Court of Appeals dismissed Gregorio's appeal on May 28, 2013 pursuant to his motion for voluntary dismissal.

On June 21, 2013, Gregorio sent a letter request to the court that his motion to vacate, set aside, or correct his sentence under § 2255 be reinstated.  On December 11, 2015, he filed a pro se motion requesting an evidentiary hearing on his motion to vacate, set aside, or correct his sentence under § 2255.

II.

Gregorio has moved for relief pursuant to 28 U.S.C. § 2255.  He alleges that his constitutional right to the effective assistance of counsel at sentencing was violated.  He maintains that he is entitled to a reduced sentence because defense counsel was ineffective in failing to: (1) pursue fast track relief despite telling him that he was eligible,

-6-

(2) object to the sixteen-level sentencing enhancement, and

(3) object to the imposition of a term of supervised release.

> Under § 2255:
>
> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

§ 2255(a).  The Sixth Amendment to the U.S. Constitution guarantees the right of criminal defendants to effective assistance of counsel.  See U.S. Const. amend. VI; Strickland v. Washington, 466 U.S. 668, 685-86 (1984).  The right to counsel extends to all critical stages of a criminal proceeding, including sentencing.  See Lafler v. Cooper, 132 S. Ct. 1376, 1385-86 (U.S. 2012).  "Even though sentencing does not concern the defendant's guilt or innocence, ineffective assistance of counsel during a sentencing hearing can result in Strickland prejudice because 'any amount of [additional] jail time has Sixth Amendment significance.'"  See id. (quoting Glover v. United States, 531 U.S. 198, 203 (2001)).

"A prisoner seeking relief on the grounds of ineffective assistance of counsel bears the burden to demonstrate two requirements."  United States v. Seeley, 574 F.

App'x 75, 78 (3d Cir. 2014); <u>Strickland</u>, 466 U.S. at 687.  He "must establish that (1) the performance of counsel fell below an objective standard of reasonableness; and, (2) counsel's deficient performance prejudiced the defense."  <u>See</u> <u>United States v. Otero</u>, 502 F.3d 331, 334 (3d Cir. 2007) (citing <u>Strickland</u>, 466 U.S. at 687).

First, the petitioner must prove that counsel's performance was deficient, in that "counsel's representation fell below an objective standard of reasonableness."  <u>See</u> <u>Lewis v. Horn</u>, 581 F.3d 92, 113 (3d Cir. 2009).  This requires the petitioner to demonstrate "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  <u>See</u> <u>Strickland</u>, 466 U.S. at 687.

Second, the petitioner must prove that counsel's deficient performance prejudiced the defense.  Prejudice exists when there is:

> [a] reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

<u>Strickland</u>, 466 U.S. at 694.  Our Court of Appeals has "endorsed the practical suggestion in <u>Strickland</u> [that the Court may] consider the prejudice prong before examining the performance of

counsel prong 'because this course of action is less burdensome to defense counsel.'" See United States v. Lilly, 536 F.3d 190, 196 (3d Cir. 2008) (quoting United States v. Booth, 432 F.3d 542, 546 (3d Cir. 2005)); see also Strickland, 466 U.S. at 697.

"The standard for ineffective assistance of counsel under Strickland is highly deferential and there is a presumption that counsel's actions might be sound trial strategy." See Alexander v. Shannon, 163 F. App'x 167, 175 (3d Cir. 2006) (citing Buehl v. Vaughn, 166 F.3d 163, 169 (3d Cir. 1999)). In evaluating a claim that counsel was ineffective, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that under the circumstances, the challenged action might be considered sound trial strategy." Strickland, 466 U.S. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)). If the government proves "that counsel actually pursued an informed strategy (one decided upon after a thorough investigation of the relevant law and facts) . . . the initial presumption that counsel performed reasonably becomes 'virtually unchallengeable.'" See Lewis, 581 F.3d at 113 n.13.

Where the petitioner alleges ineffective assistance of counsel concerning the guilty plea, the petitioner has the burden to prove "that there is a reasonable probability that,

but for counsel's errors, he would not have pleaded guilty and
would have insisted on going to trial." See Hill v. Lockhart,
474 U.S. 52, 57 (1985).  The petitioner cannot succeed on the
ineffectiveness claim if the "[p]etitioner d[oes] not allege in
his habeas petition that, had counsel correctly informed him
. . . he would have pleaded not guilty and insisted on going to
trial." See id. at 60.

          With regard to counsel's performance at sentencing, if
there is no legal basis for the petitioner's claimed entitlement
to a reduction in sentence, "it necessarily follows that
[petitioner's] counsel was not ineffective." See United States
v. Sanders, 165 F.3d 248, 251 (3d Cir. 1999).  The petitioner
cannot have suffered prejudiced "based on an attorney's failure
to raise a meritless argument." See id. at 253.

                              III.

          We first consider Gregorio's assertion that defense
counsel was ineffective because she did not pursue fast track
relief on his behalf.  The fast track program was adopted by the
Eastern District of Pennsylvania in March 2012.  Under the
program, defendants charged with illegal reentry under 8 U.S.C.
§ 1326 were eligible for a downward departure in certain limited
circumstances.  However, defendants who were previously removed
from the United States multiple times or convicted of a drug
trafficking felony were not eligible for the program.  See

                              -10-

United States v. Minaya-Yanger, 2015 WL 2258147, at *1 n.1
(E.D. Pa. May 14, 2015); see also United States v. Sanchez-
Sanchez, 501 F. App'x 218, 221 (3d Cir. 2012).

Gregorio was not eligible for fast track relief and,
thus, cannot prove that he was prejudiced by counsel's failure
to pursue it.  Gregorio was convicted of a drug trafficking
felony in September 1997.  He was subsequently deported to the
Dominican Republic in July 2002.  He then illegally reentered
the United States again, was convicted of illegal reentry, and
was deported to the Dominican Republic in December 2008.  These
convictions and deportations rendered Gregorio ineligible for
fast track relief.  Even if defense counsel had sought this
relief, she would have been unable to obtain it.  Thus, Gregorio
cannot prove prejudice because "[t]here can be no Sixth
Amendment deprivation of effective counsel based on an
attorney's failure to raise a meritless argument."  See Sanders,
165 F.3d at 253.  As such, Gregorio cannot establish that
defense counsel was ineffective in this regard.  See Lilly, 536
F.3d at 196.

Gregorio also avers that defense counsel advised him
that he was eligible for the fast track program before he
decided to plead guilty.  Yet, he never claims that his guilty
plea was involuntary or that "but for counsel's errors he would
[have] insisted on going to trial."  United States v. Jesus-

Nunez, 576 F. App'x 103, 105 (3d Cir. 2014) (citing Hill, 474 U.S. at 59). Rather, the only prejudice Gregorio claims to have suffered is receiving an elongated sentence. We certainly cannot infer that, but for defense counsel's allegedly erroneous advice, Gregorio would have pleaded not guilty and proceeded to trial because Gregorio does not ever state as much. See Hill, 474 U.S. at 60. Significantly, the evidence concerning his illegal reentry was not only overwhelming but obvious. Even if it is true that defense counsel erred in advising Gregorio about the fast track program, Gregorio does not contend that "the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

## IV.

Gregorio also claims that he was deprived of the effective assistance of counsel because defense counsel did not object to the sixteen-level enhancement or the imposition of a term of supervised release. A criminal defendant suffers ineffective assistance of counsel when his attorney improperly fails to object to an error of law in the court's application of the Sentencing Guidelines. See Glover, 531 U.S. at 203. Thus, in United States v. Otero, 502 F.3d 331 (3d Cir. 2007), our Court of Appeals held that a petitioner received ineffective assistance of counsel when his attorney did not object to the court's misapplication of the Sentencing Guidelines. The

-12-

petitioner in Otero had pleaded guilty to illegal reentry into
the United States after deportation.  See Otero, 502 F.3d at
333.  At sentencing, the court applied a sixteen-level
enhancement because it found that the petitioner's prior
conviction for simple assault was a "crime of violence" under
§ 2L1.2(b)(1)(A).  In so doing, the court misapplied the law
because, for the purpose of sentencing, a simple assault lacked
the requisite intent to be considered a crime of violence.  See
id. at 335 (citing Popal v. Gonzales, 416 F.3d 249, 254 (3d Cir.
2005)).  The Court of Appeals held that counsel was ineffective
in failing to object to the erroneous application of the
Sentencing Guidelines.

        Gregorio's case is different.  Here, unlike in Otero,
the court lawfully applied the sixteen-level enhancement.  The
Guidelines called for a sixteen-level enhancement if the
defendant had previously been deported after a felony conviction
for a "drug trafficking offense" for which a sentence over
thirteen months had been imposed.  See § 2L1.2.  Although
Gregorio contends that his prior drug conviction was not a "drug
trafficking offense," this argument is without merit.  The
Application Notes to § 2L1.2 provide:

                "[d]rug trafficking offense" means an
                offense under federal, state, or local law
                that prohibits . . . the possession of a
                controlled substance . . . with intent to
                . . . distribute.

-13-

§ 2L1.2 cmt. n.1(B)(iv).  Gregorio was convicted in 1997 for

possession of a controlled substance with intent to distribute

and sentenced to more than thirteen months in prison.  This

conviction clearly supports the sentencing enhancement.

Likewise, the court lawfully imposed a term of

supervised release.  The Sentencing Guidelines provide that:

> [t]he court _ordinarily_ should not impose a
> term of supervised release in a case in
> which supervised release is not required by
> statute and the defendant is a deportable
> alien who likely will be deported after
> imprisonment.

§ 5D1.1(c) (emphasis added).  The Application Notes explained

that in the ordinary case a term of supervised release may not

be necessary.  However, the court had discretion to impose a

term of supervised release:

> [i]f such a defendant illegally returns to
> the United States, the need to afford
> adequate deterrence and protect the public
> ordinarily is adequately served by a new
> prosecution.  _The court should, however,_
> _consider imposing a term of supervised_
> _release on such a defendant if the court_
> _determines it would provide an added measure_
> _of deterrence and protection_ based on the
> facts and circumstances of a particular
> case.

§ 5D1.1(c) cmt. n.5 (emphasis added).

The court did not err in imposing a sixteen-level

enhancement and a three-year term of supervised release, and

defense counsel was not deficient in failing to object to the

lawful application of the Sentencing Guidelines to the petitioner.  See Lewis, 581 F.3d at 113 n.13.  Defense counsel was clearly aware that a term of supervised release might be imposed, as the court advised at the plea hearing.  She was further aware of the sixteen-level enhancement and made argument to the court concerning it in her sentencing memorandum and at the sentencing hearing.  It appears that defense counsel made a strategic decision to cast her client in an empathetic light by highlighting Gregorio's commitment to his family and plans to reside lawfully in the Dominican Republic after serving his sentence, rather than to argue that the court should deviate from the enhancements prescribed by law.  Her decision was not unreasonable, and we will not second-guess it.  See, e.g., Alexander, 163 F. App'x at 175.  The sentencing court had discretion to impose a reasonable sentence within the range permitted by statute, as it did.[2]  See, e.g., United States v.

_____

2.  Gregorio avers that, in sentencing him to fifty-seven months of imprisonment, the court:

> impose[d] upon Petitioner the lowest sentence available.  Therefore, it is reasonable to infer that had counsel petitioned the Court to refrain from applying a 16-level increase to Petitioner's base offense level . . . there is a strong likelihood that the Court would have granted (or seriously considered granting) such a petition.

Kennedy, 554 F.3d 415, 423 (3d Cir. 2009).  The petitioner cannot prove that the reasonable strategic decisions made by defense counsel at sentencing prejudiced him.

V.

Accordingly, we will deny the motion of Gregorio for a hearing because even assuming his factual allegations are true, he cannot meet his burden to prove ineffective assistance of counsel.  Further, we will deny the motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 because there is no merit to his allegations that defense counsel was ineffective.  Finally, we will not issue a certificate of appealability because the petitioner has not "made a substantial showing of the denial of a constitutional right."  See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483 (2000).

---

This assumption is erroneous.  No mandatory minimum sentence was required in this case.  In sentencing Gregorio at the bottom of the Guidelines range, the court certainly did not "impose upon Petitioner the lowest sentence available."  Rather, the court could have sentenced Gregorio below the Guidelines range, as it did in 2007.  It declined to do so.